1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                             NORTHERN DISTRICT OF CALIFORNIA
10                                      SAN JOSE DIVISION
11

12   APPLE INC.,                          )    Case No.: CV 10-04145 JW (PSG)
                                          )
13              Plaintiff,                )    **ORDER GRANTING PLAINTIFF'S**
                                          )    **MOTION TO COMPEL DISCOVERY**
14        v.                              )
                                          )    **(Re: Docket No. 15)**
15   EASTMAN KODAK COMPANY,               )
                                          )
16              Defendant.                )
     _____ )
17

18        On August 25, 2010, Plaintiff Apple Inc. ("Apple") filed this action against Defendant

19   Eastman Kodak Company ("Kodak") for breach of contract, conversion, unfair competition, and

20   breach of confidence.  On October 15, 2010, Apple served Kodak with interrogatories and a

21   document production request.  Kodak objected that the requests were premature in light of

22   Kodak's pending Motion to Dismiss and its pending Motion to Stay.  On December 23, 2010.

23   Apple filed this Motion to Compel responses to its interrogatories and to compel production of

24   documents.

25        For the reasons stated below, the motion to compel is GRANTED.  Kodak shall respond to

26   Apple's interrogatories and must produce all requested documents no later than March 1, 2011.

27   In the event that no order on Kodak's Motion to Stay has been issued by Judge Ware by March 1,

28   2011, Kodak may apply to this court for relief from this order.

                                        ORDER, *page 1*

## I. BACKGROUND

On January 14, 2010, Kodak filed a complaint against Apple in the International Trade Commission ("ITC") alleging infringement of U.S. Patent No. 6,292,218 ("'218 patent"). Also on January 14, 2010, Kodak filed a complaint in the Western District of New York alleging that Apple's 3G iPhone infringes Kodak's '218 patent. On March 25, 2010, Apple and Kodak stipulated to stay the lawsuit in New York pending a final decision from the ITC. On August 25, 2010, Apple filed this action against Kodak for breach of contract, conversion, unfair competition, and breach of confidence. Apple alleges the '218 patent is based on a digital camera architecture it developed and confidentially revealed to Kodak, and that Apple is the rightful owner of the '218 patent.[1]

In September 2010, Kodak and Apple agreed that all documents, deposition transcripts, and hearing transcripts from the ITC litigation were deemed produced in this action in the Northern District of California. The parties also agreed that discovery requests could be served beginning October 14, 2010.[2] On October 8, 2010, Kodak filed its Motion to Dismiss or Transfer the case to the Western District of New York. On October 15, 2010, pursuant Fed. R. Civ. P. 33 and 34, Apple served Kodak with interrogatories and a document production request.

On November 15, 2010, Kodak amended its Motion to Dismiss to include a Motion to Stay Discovery until an order is issued on the Motion to Dismiss. Those motions have been taken under submission without oral argument.[3] On November 18, 2010, Kodak served its objections to the interrogatories and the document production request, asserting that production would prejudice Kodak by requiring Kodak to conduct discovery that may be rendered pointless or redundant if this case is dismissed or transferred.[4] On December 8, 2010, Apple informed Kodak through

---

[1] *See* Compl. (Docket No. 1-1).

[2] In its November 18, 2010 objections, Kodak did not dispute that discovery could properly commence on October 14, 2010. Thus, Kodak has waived that objection.

[3] *See* 1/27/11 Clerk's Notice (Docket No. 2).

[4] *See* Gregory D. Hull Decl. Exs. C, D (Docket 17). Although Fed. R. Civ. P. 33(b)(2) and 34(b)(2) require a party answering interrogatories or a request for the production of documents to respond within 30 days of service, which in this case would be Nov. 14, 2010 (30 days from Oct.

ORDER, *page 2*

1  counsel of its need for the responses.[5] Kodak reiterated its position that discovery should be
2  stayed pending resolution of the Motion to Dismiss, and Apple informed Kodak of its intention to
3  file the instant Motion to Compel.

## II.  LEGAL STANDARD

A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[6] A court, however, must limit the frequency and extent of discovery if it determines any of the following:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.[7]

Fed. R. Civ. P. 37 grants judicial authority to compel disclosure where a party has failed to provide authorized discovery in a timely fashion. A court may grant a motion to compel discovery upon certification that the moving party has attempted in good faith to obtain the discovery without court action.[8]

## III. DISCUSSION

Kodak makes three arguments in opposition to the motion to compel: (1) The motion is premature because if its pending Motion to Stay is granted, an order to compel from this court would be inconsistent.  Similarly, if its pending Motion to Dismiss or Transfer is granted, the

---

15), Apple indicated in its motion and in correspondence with Kodak submitted in support of its motion that the deadline was Nov. 18, 2010.

[5] *See* Memo. Supp. of Mot. Compel at 5 (Docket No. 16).

[6] Fed. R. Civ. P. 26(b)(1).

[7] Fed. R. Civ. P. 26(b)(2).

[8] *See* Fed. R. Civ. P. 37(a)(1).

Case 5:10-cv-04145-JW   Document 31   Filed 02/01/11   Page 4 of 4

compelled discovery will be moot; (2) Apple will not be prejudiced if the documents and responses are not produced because Apple is improperly using this court as a platform to advance its agenda in the ITC litigation; and (3) Kodak will be prejudiced by producing the discovery because the lawsuit in New York is stayed and Apple is using this forum to circumvent that stay and pursue a separate action arising from the same core issues.

Kodak's latter two arguments are more appropriately suited to the Motion to Stay before Judge Ware, in which the court must consider the balance of harms. This order deals only with the instant Motion to Compel. With respect to Kodak's first argument, this reasoning "assumes that the moment [Kodak] has filed a motion to stay discovery . . . it need no longer obey basic discovery rules. [Kodak] is in effect granting itself a stay of discovery. Simple logic teaches that [Kodak] has put the presumption on the wrong side: unless and until it is granted a stay, [Kodak] should be required to conduct discovery as if no motion had been filed at all."[9]

Furthermore, if Judge Ware issues an order to stay discovery, that order will have full force and effect regarding the production of these documents and responses. If an order to stay is not granted, however, denying this motion to compel would unnecessarily prevent discovery from properly proceeding in this case. Unless and until discovery is stayed, Kodak may not refuse to produce relevant responses and documents absent a valid objection.

Apple has provided sufficient documentation that Kodak failed to produce timely discovery as required by Federal Rule of Civil Procedure 33 and 34, and that it attempted to obtain the requested discovery without court involvement. As the requests appear reasonably calculated to lead to the discovery of admissible evidence, as required by Federal Rule of Civil Procedure 26, and Kodak does not argue otherwise or raise a valid objection to producing the discovery, the motion to compel is granted.

Dated: February 1, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[9] *Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F.Supp. 1429, 1441 (D.Del. 1989); *see also Arriaga v. City of New York*, No. 06 CIV. 2362PKCHBP, 2007 WL 582813, at *1 n.1 (S.D.N.Y. Feb. 23, 2007) (stating that "it is self-evident that a request for relief, without more, cannot operate to grant the relief sought.").

ORDER, *page 4*